# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:07cv9

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *ex rel.* CHELSEA GREENE, ) | |
| Plaintiff-Relator, ) | |
| Vs. ) | ORDER |
| OMNI VISIONS, INC., ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on plaintiff-relator's letter of September 11, 2007, as well as a number of telephone calls she has personally placed to chambers. Plaintiff-relator is advised that contacts with chambers are impermissible *ex parte* contacts to which the court simply cannot respond. If plaintiff-relator desires relief from the court, she must file a motion that shows on it that all parties - - including the non-party United States of America - - has been served with a copy of such pleading.

In plaintiff-relator's letter, she discusses advice she says was given to her by counsel and attaches to her letter a great deal of correspondence she received from an attorney. Plaintiff-relator should be aware that by taking such action and revealing such letters to the court, she has waived the attorney-client privilege as to such communication. Plaintiff-relator should, in the future, avoid disclosing what are private communications with any attorney she may contact.

In substance, plaintiff-relator asks in her letter that this court provide her with

advice concerning moving this case forward. Plaintiff-relator is advised that the deadlines, manner, and method for service of process upon the defendant in this matter are provided by Rule 4, Federal Rules of Civil Procedure. The court will not, however, act as plaintiff-relator's counsel, other than to advise her that the burden in moving this case forward is entirely hers and is governed by those procedural rules, the requirements of the False Claims Act, the Local Rules of the court (available from the Clerk of Court), and any Orders this court may enter.

This brings the court to then primary area of its concern as discussed in the previous Order. In her, plaintiff-relator states that an attorney she contacted "strongly advised me not to dismiss this case . . . . he feels there is medicaid fraud and I also have a claim for the whisleblower [*sic*] action." It appears, however, such attorney declined to accept the case on September 7, 2007, citing the probability that the case would not survive a Motion to Dismiss and that the case would be subject to dismissal inasmuch as plaintiff-relator is not represented by counsel.

While this court does not know whether the Complaint can survive a motion to dismiss on the merits, the letter does point out a concern in prosecuting an FCA action *qui tam*, which is the plaintiff-relator proceeding without the assistance of counsel. In an FCA action in which the government has declined to intervene and in which counsel for the plaintiff-relator has withdrawn, the court is left with a *pro se* litigant as the proponent of a claim of the United States of America. While a *pro se* litigant has an absolute right to represent herself in this court as to any claims that are hers, she has absolutely no right or legal ability to represent or champion any claim

of any other person, including the United States of America. First, such would be the unauthorized practice of law, which is a criminal offense, second, a *pro se* litigant simply lacks the skill to prosecute an action on behalf of the United States of America for false claims, and third, such is specifically prohibited by the decisions of the Court of Appeals for the Fourth Circuit.

> A lay person may not bring a qui tam action under the False Claims Act. *See United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir.2004). Although a qui tam relator is entitled by statute to a share of the recovery if his action is successful, *see* 31 U.S.C. § 3730(d) (2000), the United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits. *See United States ex rel. Milam v. Univ. of Tex., 961 F.2d 46, 50 (4th Cir.1992)*.

<u>United States ex rel Brooks v. Martin</u>, 2007 WL 627372, *1 (4th Cir.2007).

While plaintiff-relator appears to be optimistic concerning finding substitute counsel, she should be aware, however, that there are few lawyers who practice in this area of the law, that the prosecution of an FCA action is expensive and time consuming often involving interstate travel, and that lawyers tend to avoid cases where is it likely that their time and expenses may not be compensated. This is especially so in *qui tam* actions where the government has declined to intervene.

While the court is not privy to what caused the termination of the attorney-client relationship with Mr. Marshall, plaintiff-relator is advised that Mr. Marshall is, perhaps, the most experienced *qui tam* and False Claims Act lawyer in the Western District of North Carolina. Mr. Marshall faithfully served his country as the Chief Civil Assistant United States Attorney for many years, and in that capacity became

most skilled in the analysis and prosecution of these actions. While it is possible that Mr. Marshall's departure from this case was occasioned by something other than a disagreement as to the merits of this case, plaintiff-relator is advised that the legal opinions of Mr. Marshall in this area of the law, whatever they may be, should be afforded the weight one would afford a professional of the highest degree of professional competence and experience.

Finally, plaintiff-relator is advised that with the unsealing of the Complaint on September 5, 2007, the time for effecting service upon defendant began to run. Because plaintiff-relator is proceeding *pro se* the court will **STAY** the running of such time period to allow plaintiff-relator up to and inclusive of October 19, 2007, to retain substitute counsel. If plaintiff-relator has not obtained substitute counsel by such date, the undersigned will recommend to the district court in accordance with <u>Brooks</u> that this action be dismissed without prejudice. If counsel is retained by such date and such attorney files a notice of appearance, the time for serving the Complaint and summons will resume.

In sum, plaintiff-relator is being allowed a window of opportunity to find counsel, during which neither deadlines will run nor will she have any other responsibility in moving this case forward.

Finally, while not approving the method employed, the court does appreciate the plaintiff-relator's diligence in seeking clarification from the court as to her responsibilities in this matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the Clerk of Court file plaintiff-relator's letter to the court of September 11, 2007, as a Motion for Court Assistance, which is **GRANTED**;

(2) the requirements of service of the Complaint and summons are **STAYED** up to and inclusive of October 19, 2007; and

(3) if by such date substitute counsel has not made an appearance, the court will thereinafter enter a Memorandum and Recommendation that this action be dismissed without prejudice.

The Clerk of this court is respectfully instructed to send a courtesy copy of this Order to Mr. Marshall.

Signed: September 13, 2007

Dennis L. Howell
United States Magistrate Judge