IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv9

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* CHELSEA GREENE, )<br>  )<br>     Plaintiff-Relator, )<br>  )<br>Vs. )<br>  )<br>OMNI VISIONS, INC., )<br>  )<br>     Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on a "Request for Time Extension" and "Request for Mediation." Such was delivered to the chambers of the undersigned by certified mail, was not filed with the Clerk of this court, and was not served on counsel for the defendant or the government. As far as the request for extension of time, the court would consider allowing an attorney additional time to "get up to speed" if they made an appearance; however, the court will not further delay this case based on plaintiff's representations of advice she received in letters from attorneys who have declined to accept this case. Further, mediation is not available without counsel inasmuch as plaintiff cannot, as a matter of law, attempt to settle these claims--which are claims of the United States of America--without the assistance of counsel.

Next, it is troubling that plaintiff has for the second time sent a request for relief directly to chambers, rather than the Clerk of this court, and that such request was not served on counsel for defendant and the government. This is especially

troubling inasmuch as this court went to great lengths to tell plaintiff in its previous Order that such conduct was improper and advise her as to the correct method for proceeding. Plaintiff is again advised that sending mail directly to chambers is considered to be an *ex parte* contact with the court, which is both unlawful and improper. This court previously cautioned plaintiff concerning *ex parte* contacts with chambers:

> Plaintiff-relator is advised that contacts with chambers are impermissible *ex parte* contacts that the court simply cannot respond to. If plaintiff-relator desires relief from the court, she must file a motion that shows on it that all parties - - including the non-party United States of America - - has been served with a copy of such pleading.

Despite such clear instruction, plaintiff asks in her letter whether "I have any responsibility to mail a copy of this request to the Defendant or their Counsel." This question was previously answered by this court, and the court can only assume that plaintiff is ignoring the court's instructions. **Plaintiff is now advised that any further direct contact with chambers in person, by mail, by phone, or by any other means may result in the certification of Contempt or other sanction, including a recommendation of summary dismissal of her action.**

In light of the <u>United States ex rel Brooks v. Martin</u>, 2007 WL 627372, *1 (4th Cir.2007), which this court is compelled to follow, a *pro se* litigant simply cannot maintain a *qui tam* action on behalf of the United States of America. The wisdom of such decision is reinforced by plaintiff's inability to follow what the court believes were the clearest of instructions as to filing and contacts with the court. Plaintiff is again advised that if no attorney has made an appearance on or before October 19,

2007, the court will recommend that this action be dismissed in accordance with United States v. Martin.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court file plaintiff-relator's letter to the court of September 29, 2007, as a Request for Time Extension and Request for Mediation, and that such requests are **DENIED**.

The Clerk of this court is instructed to send a copy of this Order to the United States Attorney.

Signed: October 4, 2007

Dennis L. Howell
United States Magistrate Judge